ROBERT B. KEPLEY, *as Treasurer of the Board of Public Works*, v. VAN B. PRATHER, *as Auditor of the State of Kansas.*

NORMAL SCHOOL—*Appropriation for Addition—Purchase of Lot.* A part of the fund provided by the legislature of 1893 for the building of an additional wing to the state normal school may be used to procure and pay for the necessary ground on which such building is to be erected.

### Original Proceeding in Mandamus.

ORIGINAL proceeding in *mandamus*, on application of *Robert B. Kepley*, as treasurer of the board of public works of the state of Kansas, to compel *Van B. Prather*, as auditor of the state of Kansas, to draw his warrant. The facts are sufficiently stated in the opinion herein, filed September 9, 1893.

*John T. Little*, attorney general, for plaintiff.

The opinion of the court was delivered by

JOHNSTON, J.: Robert B. Kepley, as treasurer of the board of public works of the state of Kansas, presents an application for a peremptory writ of *mandamus* to compel the auditor of state to draw his warrant upon the treasurer of state for the sum of $2,500 upon the funds appropriated to build an addition to the state normal school, at Emporia, in payment of a site condemned for such addition. The plaintiff alleges that at the recent session of the legislature an appropriation of $50,000 was made for an additional wing to the state normal school and assembly room, including heating apparatus, furniture, and necessary changes in the old assembly room, and that it was the intent that the wing should be built on the east side of the normal school building now erected, in accordance with the original plan and specifications; that, in pursuance of the statutes of 1891, proceedings to condemn a strip of land 100 feet wide and 400 feet long, adjacent to the build-

ing as it now stands, for the purpose of erecting the wing, were taken; that the persons selected to condemn the lands returned to the board of public works the valuation to the fee of said land in the sum of $4,000 to one C. V. Eskridge, the owner thereof, and for any damages which he might sustain by reason of the condemnation. It was further averred, that the citizens of Emporia then and there contributed to the board of public works, as a part payment for said land, the sum of $1,500, leaving the balance to be paid out of the normal school fund the sum of $2,500; and that after the sum had been determined as the price and consideration for the land, the plaintiff, as provided in § 15 of chapter 60 of the Laws of 1891, presented to the auditor of state a statement showing the amount awarded to the said Eskridge, signed by the president and secretary of the board, as provided by law, and demanded of said auditor of state that he draw his warrant for the sum of $2,500, payable to the plaintiff, as treasurer of the board, in accordance with the provisions of said statute. The auditor, doubting his power to issue the warrant, and desiring a judicial determination of the question whether any part of the appropriation made for the addition was available to pay for a site, declined to issue the warrant. This question is presented here by the attorney general alone, who insists that the appropriation made for the building is available to pay for the ground upon which it shall stand. He urges that the original plan of the normal school building provided for the erection of wings on either side of the main building, one of which has been erected upon the west side, and that the appropriation in question for the building of another wing was necessarily intended to be erected on the east side, in accordance with the original plan, and that, as the state did not own the land upon that side of the building, it was intended by the legislature that the land should be purchased or obtained with the money provided for erecting the addition.

The act appropriating money for the state normal school contained the following item: "For an additional wing and

assembly room, including heating apparatus, furniture, and necessary changes in old assembly room, for the year ending June 30, 1894, $50,000." And it was provided that this sum should "be expended under the direction of the board of public works, as provided in chapter 160, Laws of 1891. (Laws of 1893, ch. 7.) Section 15 of chapter 160 of the Laws of 1891, referred to, authorizes the board of public works to appropriate and condemn for the state such land as may be necessary for the construction of any state building; and it further provides, that when the award is made, and a statement showing the amount of the award to the landowner is "signed by the president and secretary of the board, the auditor of the state shall draw his warrant for the amount awarded, payable to the treasurer of the board, out of any fund appropriated for that purpose, or appropriated to the institution for the use or benefit of which such condemnation proceedings were had." We think the statutes fairly justify the use of a portion of the money appropriated for the additional wing to obtain the necessary ground on which it shall stand. No mention is made in the act of foundation, superstructure, or other parts of the building to be erected, but the money appropriated is for the wing as an entirety, and certainly no part of it is more essential than the ground and foundation which support the superstructure. The state, it appears, owns other land at the rear of the school buildings, but it is represented here that to carry out the original plans of the institution the ground condemned is necessary for the additional wing. It may be said that a ruling allowing the use of any portion of the appropriation for the purchase of ground leaves no limitation upon the board of public works as to the amount which it might expend for that purpose. That is true of this, as well as of most of the appropriations that are made. The discretion and responsibility of determining how much of the appropriation shall be used for ground, or for any other part of the wing, is confided to the board of public works, and presumably it will act wisely and for the best interests of the state. The same objection

might be made as to most of the appropriations made for public buildings, as few, if any of them, specify how much is to be expended for any particular part of the building. The greater part of an appropriation for a building might, so far as the limitations of the acts are concerned, be expended upon a tower or upon decorations. The legislature assumes in such cases that the officers intrusted with the expenditure of the appropriations will act wisely, and much is left to their discretion and judgment. So here the legislature appears to have proceeded upon the theory that the board of public works would use no more of the appropriation for the additional wing in obtaining ground than was actually necessary. In appropriating the money for the wing, it provided that it should be expended under the direction of the board of public works, as provided in chapter 160 of the Laws of 1891; and, as has been seen, § 15 of that chapter provides for the condemnation of land for such building, and further, that the award made for such land may be paid out of any fund appropriated for that purpose, or "appropriated to the institution for the use or benefit of which such condemnation proceedings were had." The reference to and incorporation of the law of 1891 to some extent indicate the legislative view, and lend support to the position taken by the attorney general. A case involving a similar question was recently before the court. The city of Argentine had provided a fund for the construction of a city hall by the issuance and negotiation of city bonds. The officers of the city proposed to use a portion of the fund to purchase a site for the building. It was contended that no portion of the fund could be legally used for that purpose, and steps were taken to prevent the officers from using any part of the fund for that purpose. Upon a review of the matter, it was held that the injunction would not lie, and it was stated that "as the site is essential to the construction of the building, we think the money provided for the building may properly be used for the purchase of the site." (*City of Argentine v. The State, ex rel.*, 46 Kas. 430.)

We think the plaintiff is entitled to recover, and therefore the peremptory writ will go in accordance with the prayer of the petition.

All the Justices concurring.